UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERTO MANUEL ROJAS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:22-cv-00133-DCN<br>1:19-cr-00134-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Petitioner Roberto Rojas's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 1.[1] The Government filed a Response to Rojas's Motion. Dkt. 7. For the reasons set forth below, the Court DENIES the motion.

## II. BACKGROUND

On September 2, 2020, Rojas pleaded guilty to one count of Distribution of Methamphetamine under 21 U.S.C. § 841(a) and (b)(1)(A).[2] CR-134, Dkts. 34, 36. The Court found Rojas's guideline range of 262–324 months was appropriate given his offense level of thirty-four and criminal history category of six. CR-134, Dkt. 54, at 1. Considering the sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a), the Court

---

[1] In this Order, "CR-134" is used when citing to Rojas's criminal case record in 1:19-cr-00134-DCN-1. All other docket citations are to the record in the instant civil case.
[2] Rojas's plea agreement waived his right to appeal his sentence for any reason other than the ineffective assistance of counsel under § 2255. Dkt. 36, at 8–9.

MEMORANDUM DECISION AND ORDER-1

sentenced Rojas to 262 months incarceration and ten years of supervised release on February 16, 2021. CR-150, Dkt 49, at 1–3.

On February 17, 2021, Rojas timely appealed the judgment, but finding no grounds for relief because of Rojas's waiver of his right to appeal conviction and sentence, the Ninth Circuit dismissed his appeal. CR-150, Dkt. 60. On March 28, 2022, Rojas filed his Motion to Vacate to which the Government replied on July 29, 2022. Dkts. 1, 3.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." § 2255(b). Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d

MEMORANDUM DECISION AND ORDER-2

1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

### A. Timeliness of Petition

The Court first addresses the timeliness argument raised by the Government. If the motion was untimely, there would be no cause to discuss the merits.

To be timely, a petition attacking a sentence must be filed within one year. 28 U.S.C. § 2255(f). The countdown clock starts upon the latest of four events: "(1) the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such [G]overnmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been

discovered through the exercise of due diligence." *Id.*

Rojas's conviction became final when the time expired for filing a petition of certiorari contesting the appellate court's affirmation of conviction. "If the movant pursues a direct appeal to the Court of Appeals but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing such a petition lapses." *Clay v. United States*, 537 U.S. 522, 532 (2003); *see also United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (holding a judgment that includes a sentence but leaves the amount of restitution open is sufficiently final for appellate purposes). The Ninth Circuit issued a final decision on Rojas's appeal on September 16, 2021. Dkt 60. Rojas had 90 days from that judgment to petition for a writ of certiorari to the Supreme Court. S. Ct. R. 13.1, 13.3. He did not and that time has now expired, rendering the decision final.

Although Rojas acknowledges that he waived his right to appeal as part of his plea agreement, which he knowingly and voluntary entered into, his appeal was properly filed. The Government contends that because he *knew* he waived his right to appeal, the Court should disregard the filing as a part of the time calculation for final judgment. The Government provides no support for this argument beyond stating that "from a 'procedural standpoint' it *should* be as though Rojas did not toll his period of limitation . . . .." Dkt. 7, at 4 (emphasis added). However, the fact remains his counsel did file the appeal. Dkt. 50. The Ninth Circuit did render a decision. Dkt. 60. Therefore, whether the Government finds the appeal frivolous or not does not affect the filing and decision status.

For these reasons, the Court finds Rojas's § 2255 petition was filed less than one

MEMORANDUM DECISION AND ORDER-4

year from final judgment and is therefore timely.

### B. Ineffective Assistance of Counsel

Here, Rojas claims ineffective assistance of counsel via § 2255. As the United States Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[3] Therefore, Rojas must satisfy both prongs of "the two-part *Strickland v. Washington* test." *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985) (citing *Strickland*, 466 U.S. at 687–90); *see also Lee v. United States*, 137 S. Ct. 1958, 1964–67 (2017). To establish ineffective assistance under that test here, Rojas has to show (1) that his counsel's failure to challenge the "violent crime" characterization of previous convictions was not "within the range of competence demanded of attorneys in criminal cases," and (2) "that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Hill*, 474 U.S. at 56–58 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see also United States v. Silveira*, 997 F.3d 911 (9th Cir. 2021) (citing and reaffirming *McMann*.)[4]

In this case, Rojas alleges two instances of ineffective assistance of counsel: his

---

[3] In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.
[4] To satisfy the *Strickland* prongs, Rojas must identify specific deficient acts or omissions of defense counsel. *Strickland*, 466 U.S. at 690. Also, when a defendant's Section 2255 claim "is conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004).

MEMORANDUM DECISION AND ORDER-5

attorney's failure to (1) object to the Government's sentencing enhancements and, (2) argue at sentencing that aggravated assault under Idaho Code §§ 18-901(a) and 18-905(b) is not a "crime of violence" for career offender purposes under U.S.S.G. 4B1.2(a), resulting in Rojas receiving a longer sentence. The Court will consider each in turn.

### 1. Prior Convictions as "Crimes of Violence"

Rojas asserts that his prior convictions under Idaho Code §§ 18-901(a) and 18-905(b) did not meet the definition of "crime of violence" for career offender purposes under U.S. Sentencing Guidelines Manual § 4B1.2(a)(2). The Sentencing Guidelines define "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. §5845(a) or explosive material as defined in 18 U.S.C. §841(c)." *Id.* "The first clause of this definition is known as the 'elements clause,' the second as the 'enumerated offenses' clause." *United States v. Edling*, 2018 WL 3387366, at *2 (9th Cir. June 8, 2018).

After an analysis of Ninth Circuit decisions and Idaho statutes, this Court held in *United States v. Bernal* that Idaho's crime of aggravated assault under Idaho Code § 18-901(a) does not punish more conduct that the generic federal offense and is therefore a crime of violence. 2018 WL 3747451, at *4 (D. Idaho Aug. 7, 2020). With precedent available establishing the characterization, defense counsel did not act outside the range of reasonable competency by failing to challenge the Government's enhanced sentencing

MEMORANDUM DECISION AND ORDER-6

recommendation due to prior convictions of violent crimes. Therefore, Rojas has not met the first prong of the *Strickland* test.

Further, if defense counsel had challenged the characterization as Rojas suggests, the outcome of the hearing was unlikely to be substantially different. Therefore, Rojas has not met the second prong of the *Strickland* test.

Thus, Rojas's counsel fell well within "the 'wide range' of reasonable professional assistance." *Richter*, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 688). For these reasons, the Court DENIES Rojas's ineffective assistance of counsel claim.

## VI. MOTION TO APPOINT COUNSEL

On March 28, 2022, Rojas filed the pending motion to appoint counsel on the grounds that his claims to be presented will be too complex for the petitioner to pursue and access to the law library and legal research is inadequate. Dkt. 2. The Government did not file a response. Although the Court has discretion under 18 U.S.C. § 3006A to appoint counsel for § 2255 proceedings, Rojas's request for assistance of counsel in this § 2255 proceeding is moot, and so is DENIED.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000). For the reasons set forth above, the Court concludes that Rojas has failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

If Rojas wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . .").

### VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Rojas's conviction or sentence. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the motion is DENIED.

### VII. ORDER

**IT IS HEREBY ORDERED:**

1. Rojas's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt.1); CR–134 (Dkt. 62) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

2. The Court finds there is no need for an evidentiary hearing.

3. No certificate of appealability shall issue. Rojas is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Rojas files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: February 14, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER-9